```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
WILLIAM KITCHEN,                    :

                Plaintiff,          :    ORDER

        - against -                 :    08 Civ. 4296 (DC)

PHIPPS HOUSES GROUP OF COMPANIES    :
et al.,
                                    :
                Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08

**CHIN, District Judge**

In this civil rights case, pro se plaintiff William Kitchen seeks monetary damages and other relief pursuant to 42 U.S.C. § 1983. He alleges, among other things, that his rights were violated because of conditions in his apartment and also because of the manner in which he was treated as a litigant in landlord-tenant proceedings in the Civil Court of the City of New York, Bronx County (the "Civil Court"). He names fifteen defendants, including Judge Jerald R. Klein, a judge of the Civil Court. He alleges that Judge Klein, while presiding over the Civil Court proceedings, treated him in an improper and discriminatory manner. (See, e.g., Compl. Attach. at 8-11).

The Court has reviewed the letter submitted by counsel for Judge Klein dated August 8, 2008. It would appear that the claims against Judge Klein should be dismissed, for it would appear that he is absolutely immune for the acts in question. Under the doctrine of judicial immunity, a judge is absolutely immune from claims for money damages based on judicial acts, that

is, when a judge engages in functions normally performed by a judge and the parties deal with the judge in his or her capacity as a judge. See Huminski v. Corsones, 396 F.3d 53, 74-75 (2d Cir. 2005). Similarly, § 1983 itself provides that injunctive relief may not be obtained against a judicial officer "for an act or omission in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see Huminski, 396 F.3d at 74.

Here, Judge Klein was acting in a judicial capacity, with respect to matters within his jurisdiction. Thus it would appear that he is absolutely immune from any claim for damages based on these judicial acts. Likewise, any claim that plaintiff may be asserting against Judge Klein for injunctive relief would appear to be barred by the language in § 1983, as the exceptions set forth in the statute are inapplicable.

To the extent plaintiff had any complaints about Judge Klein's conduct or rulings, plaintiff's recourse was to appeal to the appropriate state appellate court or to lodge a complaint of judicial misconduct through the state court system. Judge Klein's judicial acts -- the only acts complained of on his part -- are not a proper basis for a claim under § 1983.

The Court is inclined to dismiss the claims against Judge Klein. If plaintiff opposes the dismissal of the claims against Judge Klein, he shall do so in writing, no later than September 15, 2008. If he fails to do so, the claims against

Judge Klein will be dismissed.  In the meantime, Judge Klein is not required to submit any further papers.

        SO ORDERED.

Dated:    New York, New York
           August 26, 2008

                              DENNY CHIN
                              United States District Judge