```
                                              ┌─────────────────────────────┐
                                              │ USDC SDNY                   │
                                              │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                  │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                 │ DOC #:                      │
- - - - - - - - - - - - - - - - - -x          │ DATE FILED: 2-2-09          │
                                              └─────────────────────────────┘
WILLIAM KITCHEN,                            :

                        Plaintiff,          :    MEMORANDUM DECISION

          - against -                       :    08 Civ. 4296 (DC)

PHIPPS HOUSES GROUP OF COMPANIES            :
et al.,
                                            :
                        Defendants.
                                            :
- - - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**        WILLIAM KITCHEN
                        Pro Se Plaintiff
                        1691 Fulton Avenue
                        Bronx, New York   10457

                        NIXON PEABODY LLP
                              By:   Joseph J. Ortego, Esq.
                                    James W. Weller, Esq.
                                    Thomas M. Mealiffe, Esq.
                        50 Jericho Quadrangle, Suite 300
                        Jericho, New York   11753
                        Attorneys for Phipps Defendants

                        MICHAEL A. CARDOZO, Esq.
                        Corporation Counsel of the City of New York
                              By:   Christina L. Hoggan, Esq.
                                    Assistant Corporation Counsel
                        100 Church Street, Room 5-154
                        New York, New York   10007
                        Attorney for City Defendants

**CHIN, District Judge**

          On May 7, 2008 pro se plaintiff William Kitchen filed a
twenty-seven-page, handwritten complaint against fifteen
different parties, claiming that his constitutional rights were
violated because of the conditions in his apartment and the way
he was treated as a litigant in a landlord-tenant proceeding.
The complaint purported to be brought pursuant only to the First

Amendment, but the Court has also discerned claims pursuant to 42 U.S.C. § 1983 as well as the New York City Housing Maintenance Code ("HMC") and the Rules of the City of New York ("RCNY") governing asbestos control.

Several of the fifteen defendants were, as explained below, dismissed from the case, leaving only the following two groups of defendants: (1) the Phipps Houses Group of Companies, Phipps Houses Services, Inc., 1691 Fulton Avenue Associates L.P., Crotona Park West Housing Development Fund Corporation, Lynda Simmons Homes, Adam Weinstein, and George Morris (collectively, the "Phipps Defendants"); and (2) the New York City Department of Buildings, the New York City Department of Environmental Protection ("DEP"), and the New York City Department of Housing Preservation and Development (collectively, the "City Defendants").

The Phipps Defendants and the City Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). In the alternative, they seek to compel plaintiff, pursuant to Rule 12(e), to provide a more definite statement of his claims.

For the reasons set forth below, Kitchen's § 1983 claim is dismissed pursuant to Rule 12(b)(6) and the Rooker-Feldman doctrine, and his state law claims are dismissed pursuant to Rule 12(b)(1).

---

Kitchen's First Amendment claim was previously dismissed, as explained below.

## BACKGROUND

### A. Allegations of the Complaint

The facts alleged in the complaint and set forth in the exhibits incorporated therein by reference are assumed to be true for purposes of these motions to dismiss. A pro se plaintiff is also entitled to a liberal construction of his complaint. With these principles in mind, the facts, as the Court can best discern them, are as follows:

Kitchen resides in an apartment at 1691 Fulton Avenue in the Bronx, New York. (Compl. at 1). The building is privately owned and operated by defendant 1691 Fulton Avenue Associates L.P. (Id.).

Plaintiff's complaint makes two references to discrimination. In the relief section of the complaint, he writes that "I have been harmed due to my race, and physical handicap." (Id.). He later writes as follows: "My need for compensation will derive from what a jury may deem just and proper due to the racial and disable claim I am in as an African American." (Id. at 14). Plaintiff does not identify his disability, and these are the sole allegations of discrimination in the complaint.

On March 25, 2007, plaintiff lodged a complaint with DEP, claiming that defendant Crescent Eastern Construction

---

It is not clear from the complaint or the Phipps Defendants' brief what the relationship is between 1691 Fulton Avenue Associates L.P. and the other Phipps Defendants.

Corporation ("Crescent") was conducting work on his building and
that asbestos was falling onto his air conditioner and then being
blown into his apartment.  (Id. at 15-17).  DEP investigated that
same day and issued violations to Crescent and 1691 Fulton Avenue
Associates L.P. for failing to comply with New York City's
asbestos regulations.  (Id. Ex. A (Asbestos Inspection Report
dated March 25, 2007)).

On March 31, 2007, plaintiff lodged another complaint
with DEP regarding asbestos falling onto his air conditioner due
to Crescent's construction work.  (City Defendants' Mem. at 4).
DEP investigated that same day but this time found no violations.
The investigator inspected the fire escapes and window ledges of
plaintiff's and two other apartments and found no debris.  (Id.
at 4-5).  DEP did not test the dust in Kitchen's apartment,
however, and the dust is still on plaintiff's air conditioner.
(Compl. at 15).

On December 12, 2007, the ceiling in plaintiff's
kitchen collapsed due to a flood in the apartment above, causing
head injuries for which plaintiff continues to receive treatment.
(Id. at 1).  A local televison news station, News 12 Bronx,
broadcast two segments about the incident.  (Id. at 13).  Mold
began to grow in plaintiff's apartment after the ceiling
collapsed, and his apartment continues to be contaminated with
mold.  (Id. at 18).  His refrigerator and stove were both
destroyed when the ceiling collapsed, and a worker in the
building told him he would not receive replacements.  (Id. at

-4-

12). He was ultimately given a replacement refrigerator, but it was used and much smaller than his previous one. (Id. at 1). It is not clear if he was given a replacement stove.

At an unspecified point in time, plaintiff appeared in the Civil Court of the City of New York, Bronx County ("Housing Court") regarding a landlord-tenant dispute. (Id. at 7). Kitchen claims the Honorable Jerald R. Klein, the presiding judge, treated him so rudely and disrespectfully that it amounted to a violation of his First Amendment right to petition a court for redress. (Id. at 7-11). Kitchen's complaint does not specify who brought the Housing Court action, what the claims were, or what the outcome was.

At various times, defendant FJC Security Services harassed and intimidated plaintiff in unspecified ways, to the point where plaintiff was forced to call the police. (Id. at 12, 20). Plaintiff, apparently on several occasions, attempted to photograph employees of FJC Security Services while they were sitting outside his door; it is not clear from the complaint if this effort was successful. (Id. at 12-13).

Kitchen also makes a number of miscellaneous allegations related to the condition of his apartment. The elevator in plaintiff's building was out of order for eight to nine months. (Id. at 14). Workers in the building were "abusive" to plaintiff, which at times required him to call the police. (Id. at 1). Crescent installed sheet rock in plaintiff's apartment, over his objection. (Id. at 21).

-5-

## B. **Procedural History**

Kitchen filed the complaint in this action on May 7, 2008, seeking as relief actual damages, rent abatement, and a new refrigerator. (Id. at 1). Liberally construing plaintiff's complaint, the Court is able to identify the following claims: (1) a First Amendment claim against Judge Klein on the ground that Judge Klein prevented plaintiff from petitioning the court for redress (id. at 1, 9); (2) a claim pursuant to 42 U.S.C. § 1983 against all defendants on the ground that they discriminated against him on the basis of race and physical disability (id. at 1); (3) claims against the Phipps and City Defendants for violations of the HMC and the RCNY (id. at 16-18); and (4) claims against the Phipps and City Defendants for negligence. (Id. at 1).

On January 26, 2009, the Court dismissed plaintiff's complaint as to Judge Klein on the ground that Judge Klein was absolutely immune from suit for any action undertaken in his capacity as a judge.

The remaining defendants all moved to dismiss, and plaintiff submitted a response, except as to the City Defendants,

---

To the extent that plaintiff's complaint could also be read to encompass a claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., that possibility is foreclosed by the fact that a "residential facility, such as an apartment, is not a public accommodation under the ADA." Reid v. Zackenbaum, No. 05 Civ. 1569, 2005 U.S. Dist. LEXIS 17177, at *12 (E.D.N.Y. Aug. 17, 2005) (citing Independent Hous. Servs. v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993)).

whose motion he did not read because he believed the envelope in
which it was delivered to him was contaminated.

        On December 4, 2008, Kitchen sent a letter to the Court
asking that all defendants except the Phipps Defendants be
dismissed from the case without prejudice "due to a lack of funds
and professional counsel." Because the dismissal requested would
be without prejudice, and because motions to dismiss had been
filed already, the Court contacted all defendants and asked them
to inform the Court whether they wished to be dismissed without
prejudice from this action. Counsel for FJC Security Services,
Inc., PRC Management Company, LLC, Crotona Estates Associates,
and Crescent informed the Court that their clients wished to be
dismissed from the case without prejudice. They were dismissed
on December 30, 2008. The City Defendants chose to proceed with
the case.

---

¹       On November 10, 2008, plaintiff called my Chambers and
told my law clerk that he believed the copy of the City
Defendants' Motion to Dismiss he received in the mail was
contaminated with some sort of chemical. My law clerk advised
him to contact counsel for the City Defendants and request
another copy of the motion. Approximately one week later the
Court received an undated submission -- titled, "Emergency!
Sealed Letter" -- from plaintiff requesting a stay in the
proceedings so that the Court could investigate the "tainted
package" the City Defendants sent him. He indicated in the
letter that the City Defendants did send another copy of the
motion at his request, but that he refused to open it, fearing
that it would also be contaminated. As plaintiff has failed to
respond to the City Defendants' motion, it is decided without the
benefit of plaintiff's input.

## DISCUSSION

In support of their motions to dismiss, the City and
Phipps Defendants argue that plaintiff has not alleged sufficient
facts to state a discrimination claim, and that he has simply
dressed up an appeal of his Housing Court case as a § 1983 claim
to provide a jurisdictional basis to bring this action in federal
court and relitigate his Housing Court claims.  I agree.
Plaintiff's § 1983 claim is therefore dismissed for failure to
state a claim upon which relief can be granted, and for lack of
subject matter jurisdiction under the Rooker-Feldman doctrine.
As to the state law claims, I decline to exercise supplemental
jurisdiction and dismiss them for lack of subject matter
jurisdiction.

### A.  **Plaintiff's § 1983 Claim**

#### 1.  **Applicable Legal Standards**

##### (a)  **Rule 12(b)(6)**

When considering a motion to dismiss pursuant to Rule
12(b)(6), the Court must accept plaintiff's factual allegations
as true and draw all reasonable inferences in his favor.  See
Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Where a
plaintiff proceeds pro se, the Court is required to liberally
construe his complaint and interpret it to raise the strongest
arguments possible.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.

---

Because I dismiss plaintiff's claims pursuant to Rules
12(b)(1) and (6), I decline to address the Rule 8 issue.

1996).  The Court may only consider the allegations in the complaint and any documents either attached as exhibits to the complaint or incorporated into the complaint by reference.  Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

In Bell Atlantic Corp. v. Twombly, the Supreme Court announced the "retirement" of the familiar "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), and adopted in its place a "plausibility" standard.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  The Second Circuit has interpreted Bell Atlantic Corp. as follows:

> [W]e believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.

Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1969).  On a motion to dismiss under Rule 12(b)(6) after Bell Atlantic Corp., then, a district court's inquiry is whether the complaint pleads "'enough facts to state a claim for relief that is plausible on its face.'"  Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

### (b)  Section 1983

"Section 1983 imposes civil liability upon a party who, under color of any statute, ordinance, regulation, custom, or

usage, of any State . . . subjects or causes to be subjected, any
citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and law."
Williams v. N.Y.C. Hous. Auth. & Local 237, I.B.T., No. 05 Civ.
2750 (DC), 2007 U.S. Dist. LEXIS 91134, at **12-13 (S.D.N.Y. Nov.
30, 2007) (internal citations and quotations omitted).  To
prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show
that:  (1) defendants acted under "color of state law" (2) to
deprive plaintiff of a right, privilege, or immunity guaranteed
by the Constitution or laws of the United States.  Pitchell v.
Callan, 13 F.3d 545, 547-48 (2d Cir. 1994); see also Am. Mfrs.
Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Generally, to
withstand a motion to dismiss, a § 1983 complaint must set forth
specific factual allegations indicating a deprivation of
constitutional rights.  See Alfaro Motors, Inc. v. Ward, 814 F.2d
883, 887 (2d Cir. 1987) ("[B]road, simple, and conclusory
statements are insufficient to state a claim under § 1983.");
Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 372
(2d Cir. 1978).

## 2.  **Application**

Kitchen's complaint simply does not allege sufficient
facts to state a plausible claim under § 1983.  See Patane, 508
F.3d at 111-12.

He does not allege with sufficient specificity that
either the Phipps or the City Defendants deprived him of a

constitutional right, as is required for a § 1983 claim. His complaint makes only two references to discrimination on the basis of race or physical handicap, and neither contains any specific facts regarding the discrimination. Nowhere, for example, does plaintiff describe when he was discriminated against, who discriminated against him, or how that person discriminated against him. In terms of plaintiff's disability, he does not even identify what his disability is. The two "broad, simple, and conclusory" references he does make to discrimination are not sufficient to withstand a motion to dismiss. See Ward, 814 F.2d at 887. Hence, the § 1983 claim is dismissed for failure to state a plausible discrimination claim.[1]

It may be that Kitchen believes that the Phipps and City Defendants failed to pay sufficient attention to the problems in his apartment because of his race and disability. But he simply has failed to present his claims in a coherent manner, and he has not alleged any facts to state a claim of discrimination.

Moreover, an independent ground for dismissal exists under the Rooker-Feldman doctrine which provides that, in general, federal district courts do not have subject matter jurisdiction to review final judgments of the state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,

---

[1]    Because I conclude that plaintiff has failed to adequately allege a deprivation of a constitutional right, I do not consider the other requirement for a § 1983 claim -- namely, that the defendant acted under color of state law.

-11-

482-83 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 414-15 (1923).

It is clear from even the most perfunctory reading of plaintiff's complaint that he is essentially appealing the result of the Housing Court dispute. (<u>See, e.g.</u>, Compl. at 7-8 ("A consent or was done after I was told not on the 6 of February but on the 13th of February with out any notification to me of a hearing or so-called conference needs remedy not from state jurisdiction but Federal intervention because of such an egregious act by a judge and well known well 'Heeled' owner and management company does not past any legitimate smell test."); <u>id.</u> at 11 ("Moreover; goes to the heart of the discrimination done to me at all levels of this judicial process is nothing but 'Dirty Tricks,' and further my perception of outright Fraud being committed is actionable for Federal scrutiny, redress, with sanctions only Federal Preponderance of the evidence can give at its first circuits."); <u>id.</u> at 13-14 ("Yet while this I hope becomes a Federal case that makes the courts work properly with this evidence."); <u>id.</u> at 22 ("How a company can come into a low-income neighborhood and do business and with management try to intimidate tenants at the same time needs more redress and a hard look at by Federal Prosecutors as well."). A claim under § 1983 is not the appropriate means of appealing a state court judgment, and plaintiff's claim is therefore dismissed for lack of subject

---

There are limited exceptions, including, for example, petitions for a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254.

matter jurisdiction under the Rooker-Feldman doctrine.  See
Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84 (2d
Cir. 2005) ("Rooker and Feldman thus established the clear
principle that federal district courts lack jurisdiction over
suits that are, in substance, appeals from state-court
judgments.").

## B.  **Plaintiff's Remaining State Law Claims**

### 1.  **Rule 12(b)(1) Standard**

On a motion to dismiss for lack of subject matter
jurisdiction, the Court must still accept all factual allegations
in the complaint as true; however, the Court is not "confined to
the complaint."  Serrano v. 900 5th Ave. Corp., 4 F. Supp. 2d
315, 316 (S.D.N.Y. 1998).  Because the Court may refer to
evidence outside the pleadings, "the standard used to evaluate a
Rule 12(b)(1) claim is akin to that for summary judgment under
Fed. R. Civ. P. 56(e)."  Id.

The subject matter jurisdiction of the federal district
courts is limited and is set forth generally in 28 U.S.C. §§ 1331
and 1332.  Under these statutes, federal subject matter
jurisdiction is available only when a "federal question" is
presented or when plaintiff and defendant are of diverse
citizenship and the amount in controversy exceeds $ 75,000.00.
See 28 U.S.C. §§ 1331, 1332.

Where a district court has original jurisdiction over a
claim -- that is, pursuant to 28 U.S.C. § 1331 or § 1332 -- it

may exercise supplemental jurisdiction over any state law claims,

provided the state law claims are "so related to claims in the

action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a); see also Valencia v.

Lee, 316 F.3d 299, 304 (2d Cir. 2003). The Court has the

discretion to decline to exercise supplemental jurisdiction,

based on a consideration of any of the following factors:

> (1) the claim raises a novel or complex issue
> of State law,
> (2) the claim substantially predominates over
> the claim or claims over which the district
> court has original jurisdiction,
> (3) the district court has dismissed all
> claims over which it has original
> jurisdiction, or
> (4) in exceptional circumstances, there are
> other compelling reasons for declining
> jurisdiction.

28 U.S.C. § 1367(c). Where the federal claims are dismissed at

an early state in the litigation, the Second Court has generally

held that it is inappropriate for the district court to exercise

supplemental jurisdiction. See, e.g., Valencia, 316 F.3d at 305;

Giordano v. City of N.Y., 274 F.3d 740, 754 (2d Cir. 2001);

Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998).

## 2. **Application**

Here, as the Court does not have diversity jurisdiction

over plaintiff's state law claims, the Court could only hear

plaintiff's state law claims through an exercise of its

supplemental jurisdiction. As discussed above, however, where a

Court dismisses a federal claim early in the litigation, it is

-14-

generally inappropriate for the Court to retain supplemental jurisdiction over the state law claims, and I decline to do so here.  See Valencia, 316 F.3d at 305; Giordano, 274 F.3d at 754; Seabrook, 153 F.3d at 72.  Kitchen's claims for negligence and violations of the HMC and RCNY are more appropriately directed to a state court.

### CONCLUSION

The City and the Phipps Defendants' motions to dismiss are granted, and the complaint is dismissed, with prejudice and without fees or costs.  The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

Dated:   New York, New York
         February 3, 2009

DENNY CHIN
United States District Judge